UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                           Chapter 7

    DONALD ALVIE GILSON                 BKY 17-42475

           Debtor.

---

UNITED STATES TRUSTEE'S APPLICATION TO REOPEN CASE

---

The United States Trustee, by his undersigned attorney, applies to the court for an order reopening the above entitled case. In furtherance of his application, the U.S. Trustee states as follows:

1. This application is being brought under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1.

2. This case was originally filed as a voluntary chapter 7 case on August 16, 2017, and Erik Ahlgren was appointed chapter 7 trustee. (Trustee). As Trustee, Mr. Ahlgren did not find any non-exempt assets to liquidate for the benefit of creditors.

3. The debtor obtained a discharge on December 5, 2017, and on December 20, 2017, the trustee was discharged and the case was closed.

4. Recently, it was discovered that the debtor made a significant and meaningful error on his original bankruptcy schedules. Specifically, the debtor stated that there was a mortgage on his homestead. In fact, when he purchased the home, a mortgage was instead placed on a farmstead owned by his in laws and at the time this bankruptcy case was commenced, the debtor's home was not subject to such lien interests. Subsequently, the debtor quitclaimed the property

to members of his in-law's extended family and the home was sold by them. On information and belief, the sale proceeds are now being held in a segregated account.

5. The United States Trustee requests that the case be reopened so that he can appoint a chapter 7 trustee to investigate the estate's interest, if any, in the proceeds from the sale of the debtor's former homestead. This would include both a review of claimed and appropriate exemptions as well as any impediment to title on the subject real estate. In addition, the trustee can also investigate whether the estate has any remaining assets, including any funds that constitute property of the bankruptcy estate.

6. Upon reopening of the case, the U.S. Trustee expects to reappoint Mr. Ahlgren. Reopening fees are not applicable since the U.S. Trustee is filing this application. (See Memorandum).

WHEREFORE, the United States Trustee requests that the court enter an order reopening the above entitled case for the purpose of appointing a trustee to investigate the errors on the debtor's bankruptcy schedules and the proceeds from the sale of his former home, and if need be, to administer any non-exempt assets, and for any other purposes necessary to the administration of the estate.

Dated: March 15, 2021

JAMES L. SNYDER
Acting United States Trustee

By:   e/Michael R. Fadlovich
Michael R. Fadlovich
Trial Attorney – MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612/ 334-1350

# VERIFICATION

       I, Michael R. Fadlovich, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

    Date: March 15, 2021

                                                                   _____s/Michael R. Fadlovich_____
                                                                            Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              Chapter 7

DONALD ALVIE GILSON                                 BKY 17-42475

            Debtor.
_____

UNITED STATES TRUSTEE'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION TO REOPEN CASE
_____

The United States Trustee, by his undersigned attorney, submits this Memorandum of Law in support of his application to the court for an order reopening the above entitled case. In furtherance of his position, the U.S. Trustee states as follows:

Applications to reopen cases are allowed under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1. Local Rule of Bankruptcy Procedure 5010-1(c) provides that requests to the court for the reopening of a case be made by application rather than by motion.

Local Rule of Bankruptcy Procedure 5010-1(a) sets forth instances where reopening of a case is unnecessary. Local Rule of Bankruptcy Procedure 5010-1(b) allows for the reopening of a case where the relief requested is not set forth in Local Rule 5010-1(a). The interest of the estate to be administered in this case consists of an unencumbered interest in the debtor's former homestead, based on the mistaken belief that there was a mortgage on the property at the time the bankruptcy case was commenced. The unencumbered interest was not disclosed in the original bankruptcy schedules.

The real property interest must be addressed by the trustee for the benefit of all creditors. The administration and distribution of assets is not listed in Local Rule 5010-1(a), which

establishes when a case need not be reopened. Instead, the present situation falls under Local Rule 5010-1(b) which requires the case to be reopened.

Although Local Rule 5010-1(d) has provisions which allow for the deferral or waiver of the filing fee for reopening the case, that provision is not applicable to the United States Trustee. Fees for reopening a bankruptcy case are set forth in the Judicial Conference Schedule of Fees, applicable to 28 U.S.C. §1930. Under subparagraph 11 of that fee schedule, the reopening fees for a chapter 7 case is $260.00. However, that entire fee schedule is prefaced by an exemption for the United States Trustee, insofar as the schedule provides: "Federal agencies or programs that are funded from judiciary appropriations . . . should not be charged any fees under this schedule". Id. Accordingly, the U.S. Trustee need not pay the reopening fee.

Upon the reopening of a case, the United States Trustee is authorized to appoint a trustee in order to assure that the interests of creditors are protected. See Fed. R. Bankr. P. 5010. In the present case, the United States Trustee has not yet determined with finality whom to appoint.

Based on the circumstances of this case as well as applicable law and procedures, the court should enter an order reopening this case.

JAMES L. SNYDER
Acting United States Trustee
Region 12

Dated: March 15, 2021

By: ___e/Michael R. Fadlovich_____
Michael R. Fadlovich
Trial Attorney   MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
612/334-1356

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Chapter 7

    DONALD ALVIE GILSON                    BKY 17-42475

    Debtor.

This matter came before the Court on the *ex parte* application by the United States Trustee for an order reopening the bankruptcy case.

From the application by the United States Trustee, it appears that cause has been shown under Fed. R. Bankr. P. 5010 and 11 U.S.C. §350(b) to reopen the case.

Now therefore, it is hereby ORDERED:

1. That the above entitled case is reopened.

2. If appropriate, the United States Trustee shall appoint a chapter 7 trustee.

3. The trustee, upon qualification, may undertake any and all appropriate proceedings in this case.

_____
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

In re:                                        Chapter 7

    DONALD ALVIE GILSON                BKY 17-42475

        Debtor.

The undersigned hereby certifies under penalty of perjury that she is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on March 15, 2021, she served a copy of the attached: United States Trustee's Application to Reopen Case by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail with postage prepaid in the proper amount.

Donald Alvie Gilson
63 Birch Avenue S
Maple Lake, MN 55358

Wesley W. Scott
Kain & Scott P A
13 7th Ave South
St Cloud, MN 56301

Erik Ahlgren
Ahlgren Law Office
220 W Washington Ave
Suite 105
Fergus Falls, MN 56537

                      **e/Audrey Williams**
                          U.S. Trustee's Office
                          300 South Fourth St., #1015
                          Minneapolis, MN   55415